**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re | § | |
| | § | |
| **XTREME POWER INC.,** | § | Case No. 14-10096 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| In re | § | |
| | § | |
| **XTREME POWER SYSTEMS, LLC,** | § | Case No. 14-10095 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| In re | § | |
| | § | |
| **XTREME POWER GROVE, LLC,** | § | Case No. 14-10097 |
| | § | |
| Debtor. | § | Chapter 11 |

**MOTION FOR AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Xtreme Power Inc. ("XPI"), Xtreme Power Systems, LLC ("XPS"), and Xtreme Power Grove, LLC ("XPG") (collectively, the "Debtors") file their Motion for An Order Directing Joint Administration of Chapter 11 Cases (the "Motion"). In support of the Motion, Debtors incorporates by reference the Affidavit of Ken Hashman in Support of First Day Motions and Applications (the "First Day Affidavit") and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(1). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1408.

## PROCEDURAL BACKGROUND

2. On January 22, 2014 (the "Petition Date"), XPS filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. XPS remains in possession of its property and is operating its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

## BACKGROUND

4. A detailed description of XPS's business, capital structure, and the events leading to these chapter 11 cases is fully set forth in the First Day Affidavit and is incorporated herein by reference.

## RELIEF REQUESTED

5. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015 of the Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "LBR"), XPS requests entry of an order directing the joint administration of the chapter 11 cases of debtors XPS, Xtreme Power Inc. ("XPI"), and Xtreme Power Grove, LLC ("XPG"), (collectively, the "Debtors") for procedural purposes only and directing the Clerk of the Court to maintain one file and one docket for all three of the Debtors' chapter 11 cases under the case name and number assigned to XPI.

6. XPS requests that the order on this Motion provide that nothing contained in the order be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

7. XPS requests that the Court direct the Clerk of the Court to make a notation substantially similar to the following on the docket of each of these chapter 11 cases:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Xtreme Power Inc., Xtreme Power Systems, LLC, and Xtreme Power Grove, LLC. The docket in Case No. 14-00096 should be consulted for all matters affecting this case.

8. XPS requests that the caption of these chapter 11 cases be modified to reflect their joint administration under the lead chapter 11 case of XPI, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re | § § | Chapter 11 |
| XTREME POWER INC., *et al.* | § § | Case No. 14-10096 |
| Debtors. | § § § § | Jointly Administered |

## BASIS FOR RELIEF

9. Joint administration of the Debtors' chapter 11 cases is warranted in accordance with Bankruptcy Rule 1015(b) and LBR 1015. Bankruptcy Rule 1015(b) states in part that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."

10. XPS and XPG are wholly owned subsidiaries of XPI. Consequently the Debtors are affiliates as defined by section 101(2) of title 11 of the United States Code and are appropriate candidates for joint administration under Bankruptcy Rule 1015(b).

11. Joint administration of these cases will eliminate the need for duplicative notices, applications, and orders, thereby saving considerable time and expense for the Debtors, their estates, and the Court. Additionally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

12. Because this is not a motion for substantive consolidation of the Debtors' estates, the rights of the creditors of the Debtors will not be affected adversely by the joint administration of these cases because each creditor may file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

13. XPS is aware of no facts that may give rise to actual or potential conflicts of interest warranting protection of the interests of creditors of the Debtors' estates and respectfully assert that such creditors' interests would not be jeopardized by the joint administration of the Debtors' cases.

14. As XPI is the parent company of XPS and XPG, it is appropriate that XPI be designated as the lead case for conducting proceedings in the jointly administered cases.

15. By reason of the foregoing, XPS submits that the interest of each Debtor, its creditors, and its equity security holders will best be served by the joint administration of these cases and that the Motion should be granted.

## NOTICE

16. Notice of this Motion has been provided by facsimile, e-mail, overnight delivery

and/or hand delivery in compliance with the Local Rules of the Western District of Texas, including:

    (a)   all Prepetition Secured Lenders;
    (b)   20 largest unsecured creditors of each of the Debtors;
    (c)   Horizon;
    (d)   the U.S. Trustee's Office;
    (e)   the Securities and Exchange Commission;
    (f)   the Internal Revenue Service; and
    (g)   other government agencies, national, state and local, to the extent required by the Bankruptcy Code, Bankruptcy Rules or Local Rules.

The Debtors believe that the notice provided for herein is fair and adequate and no other or further notice is necessary.

WHEREFORE, XPS respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, directing the joint administration of these chapter 11 cases for administrative purposes only, and granting such other and further relief as the Court deems just and proper.

Date: January 22, 2014.                   Respectfully submitted,

                                        **JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.**

                                        */s/ Nathaniel Peter Holzer*
                                        Shelby A. Jordan
                                        Texas Bar No. 11016700
                                        100 Congress Ave. Suite 2109
                                        Austin, TX 78701
                                        Telephone:   (512) 469-3537
                                        Facsimile:    (361) 888-5555

                                        Nathaniel Peter Holzer
                                        Texas Bar No. 00793971
                                        500 North Shoreline Blvd.,Suite 900
                                        Corpus Christi, TX 78401-0341
                                        Telephone:   (361) 884-5678
                                        Facsimile:    (361) 888-5555

                                        Antonio Ortiz
                                        Texas Bar No. 24074839

1534 E. 6th Street, Suite 104
Brownsville, TX 78520
Telephone: (956) 542-1161
Telecopier: (956 ) 542-0051

**PROPOSED ATTORNEYS FOR DEBTORS-IN-POSSESSION**